UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-35(2) |
| | § | |
| EDWARD JOLIVET | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On March 30, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by John Stroud.

Edward Jolivet ("Defendant" or "Mr. Jolivet") was sentenced on October 30, 2007, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of conspiracy to transport stolen vehicles and goods in interstate commerce, a Class D felony. This offense carried a statutory maximum imprisonment term of five (5) years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Mr. Jolivet was subsequently sentenced to 46 months imprisonment followed by a one-year term of supervised release subject to the standard conditions of release, plus special conditions to include alcohol restrictions; drug aftercare; substance abuse testing; financial disclosure; no new debt/credit; $100 special assessment; and restitution of $438,155.18. On August 28, 9007, Mr. Jolivet completed his period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of**

**each month**. Specifically, the Government alleges as follows. Mr. Jolivet was released from federal custody on August 28, 2009. He failed to report to the nearest U.S. Probation Office within 72 hours of his release.

The Court scheduled a revocation hearing March 30, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the allegation. Based upon Defendant's plea of true to the allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. The Court recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, to run consecutive to the sentence imposed in the State of Texas, Harris County No. 671832, with a one-year term of supervised release to follow said term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant is jointly and severally liable with Ray Washington, Docket No. 5:06CR35(1); Willie Thomas, Docket No. 5:06CR35(3); and Jermal Leday, Docket No. 5:06CR35(4), to pay restitution totaling $438,155.18 to the victims listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on

the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

It is further recommended that the defendant be ordered to pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release; that the defendant provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment and restitution payments; that the defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; that the defendant shall not participate in any form of gambling unless payment of the any financial obligation ordered by the Court has been paid in full; that the defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance; that the defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer; and that the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegation be **ACCEPTED**. It is

further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, to run consecutive to sentence imposed in the State of Texas, Harris County No. 671832, with a one-year term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court impose the conditions of supervised release outlined above.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 31st day of March, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE