# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-35(2) |
| | § | |
| EDWARD JOLIVET | § | |

## MEMORANDUM ORDER

The above-entitled and numbered criminal action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. No objections were filed to the Report and Recommendation. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's plea of true to the allegation is **ACCEPTED**. It is further

**ORDERED** that Defendant's supervised release is **REVOKED**. Based upon Defendant's plea of true to the allegation, the Court finds Defendant violated his conditions of supervised release. It is further

**ORDERED** that Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, said sentence to run consecutive to the sentence imposed in the State of Texas, Harris County No. 671832, with a one-year term of supervised release to follow said term of imprisonment. It is further

**ORDERED** that the Court impose the following conditions of supervised release. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to

the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

Defendant is jointly and severally liable with Ray Washington, Docket No. 5:06CR35(1); Willie Thomas, Docket No. 5:06CR35(3); and Jermal Leday, Docket No. 5:06CR35(4), to pay restitution totaling $438,155.18 to the victims listed in the "Victim Impact" section of the Presentence Report. The restitution payments shall begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710. Interest is waived.

It is further ordered that Defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release; that Defendant provide the probation officer with access to any requested financial information for purposes of monitoring lawful employment and restitution payments; that Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer

unless payment of any financial obligation ordered by the Court has been paid in full; that the defendant shall not participate in any form of gambling unless payment of the any financial obligation ordered by the Court has been paid in full; that the defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance; that Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer; and that Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.

**SIGNED this 6th day of April, 2010.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE